THE PEOPLE *ex rel.* Robert Hewitt, County Collector, Appellee, *vs.* THE CHICAGO, INDIANA AND SOUTHERN RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*road district delinquent list must be sworn to by the overseer of the district.* The road district delinquent list must be sworn to by the overseer of such road district, and an affidavit by the overseer of some other road district, or any other person, will not suffice.

2. SAME—*what does not invalidate additional road and bridge tax.* Since the amendment of section 14 of the Roads and Bridges act, in 1911, the fact that the additional road and bridge tax is not required for any purpose different from the ordinary road and bridge purposes does not invalidate the tax, if the highway commissioners certify their reason for the additional levy to the board of town auditors and assessor and they consent to the additional levy. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* [*ante,* p. 423,] followed.)

3. The other objection in this case is disposed of by the decision in *People* v. *Illinois Central Railroad Co.* (*ante,* p. 416.)

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

HUNTER & SCHNEIDER, for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Per CURIAM: The county court of Kankakee county overruled objections of the appellant, the Chicago, Indiana and Southern Railroad Company, to the road and bridge taxes of the towns of Limestone, Pilot, Norton and Momence and the district road taxes in four road districts situated in the towns of Pilot and Norton, and rendered judgment against the property of appellant and ordered it sold to satisfy taxes.

The towns of Limestone, Pilot and Norton have adopted the labor system, and the commissioners in each

town made a certificate, as required by section 119 of the act in regard to roads and bridges, stating the amount of money to be raised as a road and bridge tax and levying the said tax at the rate of twenty-five cents on each $100 assessed valuation of property in the town. That section requires the commissioners to give to the supervisor of the town a statement of the amount necessary to be raised and the rate per cent of taxation, which he is required to submit to the board of supervisors for the action of the board at its annual September meeting, and it was objected that the provisions of that section were not followed or observed. In the towns of Pilot and Norton objections were also made to the district road taxes in the districts numbered 1 and 2 in each town upon the grounds that the delinquent lists were not delivered by the overseers to the supervisors of the respective towns five days previous to the annual meeting of the board of supervisors, that they were not laid before said board as provided by the statute, and that said board did not levy said district road taxes or cause same to be levied. The record in these particulars is identical with that in *People* v. *Illinois Central Railroad Co.* (*ante,* p. 416,) and it is unnecessary to repeat here what was said in that case. For the reasons there given, the objections to the road and bridge taxes of the towns of Limestone, Pilot and Norton and the district road taxes of districts Nos. 1 and 2 of the town of Norton and of district No. 1 of the town of Pilot were properly overruled. As to the district road tax of district No. 2 of the town of Pilot, the additional objection was made that the delinquent list was sworn to by the overseer of district No. 4 and not by the overseer of district No. 2, as required by law. The record discloses that this objection was well founded. The delinquent list should have been sworn to by the overseer of the district to which it pertained, and an affidavit by any other person will not suffice. The delinquent list for said district No. 2 of the town of Pilot was

not a sufficient basis upon which to levy the tax, and the objection to that tax should have been sustained. *People v. Illinois Central Railroad Co. supra.*

Appellant objected to the excess of the road and bridge tax of the town of Momence above thirty-six cents on each $100 valuation of property. The rate was sixty-one cents on each $100, and it was levied by virtue of a certificate of the commissioners of highways and the consent of the board of town auditors and assessor. The commissioners certified that in their opinion a greater levy than thirty-six cents was needed for the purpose of building a wagon bridge at the place specified in the certificate and building concrete floors on three other specified bridges and graveling approaches to the bridges on which concrete floors were to be constructed, and that they needed twenty-five cents on each $100 valuation of property for those purposes. The board of town auditors and assessor gave consent to the additional levy. It is contended that the reason for an additional levy, which is to be specified in the certificate, must be something different from ordinary road and bridge purposes, and that the amendment of section 14 in 1911 did not change the objects and purposes for which an additional levy may be made. We have considered that question and taken a different view from counsel in *People v. Cleveland, Cincinnati, Chicago and St. Louis Railway Co. (ante,* p. 423.) The court did not err in overruling objections to that tax.

The judgment is affirmed as to the road and bridge taxes of the towns of Limestone, Pilot, Norton and Momence and as to the district road taxes of districts Nos. 1 and 2 of the town of Norton and district No. 1 of the town of Pilot, and reversed as to the district road tax of district No. 2 of the town of Pilot.

*Affirmed in part and reversed in part.*